# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| MITCHELL J. WOGOMAN and | ) | 11-11044-SBB |
| HOLLY L. WOGOMAN, | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| MITCHELL J. WOGOMAN and | ) | |
| HOLLY L. WOGOMAN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 11-01117-SBB |
| INTERNAL REVENUE SERVICE, | ) | |
| Defendant. | ) | |

## ORDER REGARDING (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FILED ON JULY 1, 2011 (DOCKET #15) AND (2) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT FILED ON JULY 6, 2011 (DOCKET #17)

THIS MATTER comes before the Court for consideration of:

1.  The Motion for Summary Judgment filed by the Internal Revenue Service (the "Defendant") on July 1, 2011,[1] to which no pleading in opposition has been filed by the Mitchell J. Wogoman and Holly L. Wogoman (the "Wogomans").[2]

2.  The Motion for Summary Judgment filed by The Wogomans on July 6, 2011,[3] and the IRS's Opposition thereto filed on July 20, 2011.[4]

The Court, having reviewed the pleadings and the within case file, makes the following findings of fact, conclusions of law, and enters the following Order.

---

[1]      Docket #15.

[2]      Ostensibly, this Court *could* construe the Plaintiff's own Motion for Summary Judgment docketed at number 17 as a response to the IRS's Motion, however, it was not designated as such and it does not comply with this Court's Standing Order 2004-1-SBB or L.B.R. 7056-1(b).

[3]      Docket #17.

[4]      Docket #22.  Also resolved by this Order is the Joint Motion to Vacate Hearing filed on August 19, 2011 (Docket #26).

## I.    <u>Summary</u>

In their original Complaint, the Wogomans are seeking to discharge income taxes, penalties and interest for the 1998, 2000, 2001, 2002, and 2005.  The IRS admits that the Wogomans have no tax liability for the 2000 tax year and that the Wogomans' income tax liabilities for the 1998, 2002, and 2005 tax years are dischargeable.  The parties, however, dispute whether the Wogomans' income tax liability, including penalties and interest, for the 2001 tax year is dischargeable.[5]

The Court hereby concludes that the Wogomans have no tax liability for the 2000 tax year and that the Wogomans' income tax liabilities for the 1998, 2002, and 2005 tax years are dischargeable.  The Court concludes, however, that for the reasons set forth herein, the 2001 federal individual income tax liability, together with penalties and interest, is not dischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

## II.   <u>Issue</u>

The sole issue before the Court is whether the Wogomans' 2001 tax liability, including penalties and interest, is excepted from discharge because it is not a debt for which a return was not  "filed" within the meaning of 11 U.S.C. § 523(a)(1)(B)(i).

## III.  <u>Jurisdiction</u>

The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  The matters at issue constitute a "core proceeding" pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.  Further, the parties do not dispute the jurisdiction or venue of this Court in this matter.

## IV.   <u>Standard for Summary Judgment</u>

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  Generally, the Court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[7]  Once the moving party has demonstrated the absence of material facts in dispute, then the burden shifts to the opposing party to demonstrate material facts are in dispute and thus summary judgment is not appropriate.  In this case most, if not all of the material facts are not disputed.

---

[5]    Per the IRS's filed proof of claim, the unpaid balance for the 2001 taxes is $276,687.17.

[6]    FED.R.CIV.P. 56(a), made applicable to adversary proceedings by FED.R.BANKR.P. 7056.

[7]    *Thournir v. Meyer,* 909 F.2d 408, 409 (10th Cir. 1990).

### V.    Parties' Compliance with this Court's Standing Order 2004-1-SBB & L.B.R. 7056-1

It appears that neither the Wogomans nor the IRS have complied with this Court's requirements for dispositive motions.[8]  In particular, the Wogomans have failed to file a response to the IRS's Motion for Summary Judgment.  Consequently, this Court could rule in favor of IRS's Motion for Summary Judgment simply because the Wogomans did not provide opposition to the Motion.  On the other hand, among other pleading inadequacies, the IRS has not set forth the burden of proof and the elements of the claim that must be proved in order to prevail.

Nevertheless, the Court believes that it has sufficient undisputed facts, affidavits, and admissible evidence before this Court such that it can conclude that the IRS is entitled to judgment as a matter of law.[9]

### VI.   Material Undisputed Facts

#### A.    Statement Regarding Material Undisputed Facts

This Court has, in accord with former FED.R.CIV.P. 56(d) and, now, current Fed.R.Civ.P. 56(g), attempted to specify those facts that *are not* genuinely in dispute and those facts that *are* genuinely in dispute.  To the extent feasible, the Court examines motions for summary judgment before it pursuant to the standards prescribed in Rule 56(c) and (e).

As noted in the footnotes, the following findings of fact are set forth in the Plaintiff's Motion for Summary Judgment.  The IRS has, in accord with Rule 56(c) and this Court's Standing Order 2004-1-SBB and L.B.R. 7056-1, responded to Plaintiff's stated findings of fact and conclusions of law (unlike the Wogomans in their *lack of response* to the IRS's Motion for Summary Judgment).  Consequently, the Court is adopting those findings of fact expressly admitted herein and as set forth below.[10]  The Court is also accepting the statement of undisputed facts as contained in the IRS's Motion for Summary Judgment as undisputed because no response was filed to the IRS's Motion for Summary Judgment and these are also set forth below and reference to the same is contained in the footnotes.  With respect to any outstanding contested material facts, this Court concludes that there are no remaining material facts that are genuinely in dispute.  The only remaining issue here is a question of law.

#### B.    The Material Undisputed Facts

On January 20, 2011, the Wogomans filed a Voluntary Petition along with appropriate

---

[8]    *See* Standing Order 2004-1-SBB and L.B.R. 7056-1.

[9]    FED.R.CIV.P. 56(c)(2).

[10]    These findings forth herein are verbatim to those set forth in the Plaintiff's Motion for Summary Judgment with only stylistic alterations and changes for correctness and/or continuity.

supporting schedules seeking protection under Chapter 7 of the United States Bankruptcy Code.[11]

On February 18, 2011, the Wogomans filed this Adversary Proceeding seeking to determine the discharge of the Wogomans' 1998, 2000, 2001, 2002 and 2005 income tax liability.[12]  The IRS filed its Answer on March 21, 2011, and its Amended Answer on March 25, 2011.[13]

In its Answer, the IRS stated that the Wogomans have no outstanding tax liability for the year ending December 31, 2000.[14]   In its Answer, the IRS stated that the Wogomans' income tax liability for the 2005 tax year is dischargeable.[15]  In paragraph 8 of its Amended Answer, the IRS admitted that the Wogomans' tax liabilities for the 1998, 2002, and 2005 tax years are dischargeable.[16]

The Court entered its Order Discharging the Wogomans on May 16, 2011, in the Chapter 7 bankruptcy case underlying this Adversary Proceeding.[17]

The only year for which the dischargeability of tax liabilities remains in question is 2001.[18]

The Wogomans' tax return for the year ending December 31, 2001, was due on April 15,

---

[11]     Plaintiff's Motion for Summary Judgment, ¶ 1, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 1, p. 1;  Docket # 1 in Case No. 11-11044-SBB.

[12]     Plaintiff's Motion for Summary Judgment, ¶ 2, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 2, p. 1

[13]     Plaintiff's Motion for Summary Judgment, ¶ 3, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 3, p. 1.

[14]     Plaintiff's Motion for Summary Judgment, ¶ 4, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 4, p. 1.

[15]     Plaintiff's Motion for Summary Judgment, ¶ 5, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 5, p. 1

[16]     Plaintiff's Motion for Summary Judgment, ¶ 6, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 6, p. 2.

[17]     Plaintiff's Motion for Summary Judgment, ¶ 7, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 7, p. 2; Docket # 24 in Case No. 11-11044 SBB.

[18]     Plaintiff's Motion for Summary Judgment, ¶ 8, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 8, p. 2.

4

2002.[19]   The Wogomans failed to file their federal income tax return for the year ending December 31, 2001, on or before the April 15, 2002 due date and did not request an extension to file their 2001 Return.[20]

The Wogomans' tax return for the year ending December 31, 2001, was due more than three years prior to the filing of the Wogomans' petition.[21]

The Wogomans' tax preparer sent a letter to the Wogomans, dated October 27, 2003, noting that they had not filed a tax return for their 2001 federal income taxes and needed to take action.[22]

Because of the Wogomans' failure to file a tax return, in 2004, the IRS commenced an examination to determine the Debtors' delinquent 2001 income tax liability.  At the conclusion of its examination, the IRS issued a statutory notice of deficiency permitting the Wogomans to challenge the IRS's proposed tax deficiency in the United States Tax Court.  *After the Wogomans failed to file a timely Tax Court Petition, on February 21, 2005, the IRS assessed the deficiency.*[23]

On August 1, 2006, the Wogomans delivered to the IRS a signed Form 1040 for the tax year ending December 31, 2001.[24]

The 2009 and 2011 Transcripts state that on April 15, 2002, an Extension of Time to File was filed by the Wogomans extending the filing date to August 15, 2002.[25]

The 2009 and 2011 Transcripts each state that the IRS received a payment toward their

---

[19]     Plaintiff's Motion for Summary Judgment, ¶ 9, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 9, p. 2.

[20]     IRS's Motion for Summary Judgment, ¶ 3, p. 2.

[21]     Plaintiff's Motion for Summary Judgment, ¶ 10, p. 5; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 10, p. 2.

[22]     IRS's Motion for Summary Judgment, ¶4,  p. 2.

[23]     IRS's Motion for Summary Judgment, ¶ 5, p. 2.  The assessment of the deficiency on February 21, 2005, is an essential finding in this case for the subsequent legal conclusions.

[24]     Plaintiff's Motion for Summary Judgment, ¶ 12, p. 6; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 12, p. 2.

[25]     Plaintiff's Motion for Summary Judgment, ¶ 13, p. 6; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 13, p. 2.

2001 tax liability of $29,471.00 on April 15, 2002.[26]

The 2009 and 2011 Transcripts each state that the Wogomans and the IRS established an Installment Agreement on March 23, 2007.[27]

The 2009 and 2011 Transcripts each shows that approximately 20 payments were made by the Wogomans in the amount of $551 each pursuant to an Installment Agreement.[28]

The Wogomans have engaged, at least, three tax professionals to assists them in filing their 2001 tax returns, including Linda Donnelly, JK Harris & Company and Michael Noyes.[29]

The IRS made its original assessments of tax, interest and penalties on February 21, 2005, according to the Declaration of Yvonne Tibbs.  An abatement of the Wogomans' 2001 income tax (and associated penalties) was made on November 13, 2006.[30]

The Wogomans do not recall there being any indication that there were problems with their 2001 tax filing or that the IRS did not believe they filed their 2001 tax returns until sometime later in 2005.[31]

The Wogomans were not contemplating bankruptcy when the August 1, 2006, return was filed.[32]

---

[26]     Plaintiff's Motion for Summary Judgment, ¶ 14, p. 6; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 14, p. 2.

[27]     Plaintiff's Motion for Summary Judgment, ¶ 15, p. 6; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 15, p. 2.

[28]     Plaintiff's Motion for Summary Judgment, ¶ 16, p. 6; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 16, p. 2.

[29]     Plaintiff's Motion for Summary Judgment, ¶ 18, p. 7; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 18, p. 2.

[30]     Plaintiff's Motion for Summary Judgment, ¶ 19, p. 7; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 19, p. 2.

[31]     Plaintiff's Motion for Summary Judgment, ¶ 20, p. 7; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 20, p. 2.

[32]     Plaintiff's Motion for Summary Judgment, ¶ 22, p. 7; IRS's Opposition to Plaintiff's Motion for Summary Judgment ¶ 22, p. 2.

## VII.   Discussion

### A.   11 U.S.C. § 523(a)(1)(b)(i) Exceptions to Discharge

Exceptions to discharge are to be narrowly construed.[33]  The burden of proving that the Wogomans' tax liabilities are nondischargeable ultimately lies with the IRS.[34]  The burden of proof required to establish an exception to discharge is a preponderance of evidence.[35]

11 U.S.C. § 523(a)(1)(b)(i) provides that:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>> (1) for a tax or a customs duty—
>>> (b) with respect to which a return, or equivalent report or notice, if required
>>>> (i) was not filed or given.

Section 523(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  Pre-BAPCPA, a number of Circuits held that an individual federal income tax return filed *after* an assessment did not qualify as a return for purposes of 11 U.S.C. § 523(a)(1)(B)(i).[36] The Eighth Circuit disagreed, instead concluding that a document that on its face evinces an honest and reasonable attempt to satisfy the tax laws qualifies as a return, whether or not it was filed after an assessment of taxes had been made.[37]  In a post-BAPCPA case, a bankruptcy court, agreeing with the dissent by Judge Easterbrook in *In re Payne*, concluded that a late-filed federal income tax returns prepared by a debtor in *response* to the filing of a substitute return filed by the IRS *cannot qualify as a return for purposes of determining dischargeability.*[38]

---

[33]     *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar),* 125 F.3d 1358, 1361 (10th Cir. 1997); *Driggs v. Black (In re Black),* 787 F.2d 503, 505 (10th Cir. 1986).

[34]     *In re Crawley,* 244 B.R. 121 (Bankr. N.D. Ill. 2000)(the party seeking to establish an exception to the discharge of a debt bears the burden of proof).

[35]     *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755.

[36]     *See In re Hindenlang,* 164 F.3d 1029 (6th Cir.), *cert. denied*, 528 U.S. 810 (1999); *In re Payne,* 431 F.2d 1055 (7th Cir. 2005); *In re Moroney,* 352 F.3d 902 (4th Cir. 2003); *In re Hatton,* 220 F.3d 1057(9th Cir. 2000).

[37]     *In re Colsen*, 446 F.3d 836 (8th Cir. 2006).

[38]     *In re Creekmore*, 401 B.R. 748, 751 (Bankr. N.D. Miss. 2008).  The *Creekmore* court concluded
(continued...)

There is very little precedent in this Circuit or elsewhere *since the enactment of BAPCPA* with respect to the issue before this Court. Moreover, this Court must address the confluence of two laws, (a) the Internal Revenue Code of 1986, specifically, 26 U.S.C. § 6020(b), and (b) the Bankruptcy Code, in particular, 11 U.S.C. § 523(a)(1)(B)(i) and an unnumbered paragraph at the end of 11 U.S.C. § 523(a).

### B.    The Arguments Before the Court

The IRS asserts that for bankruptcy discharge purposes, a debt for an income tax recorded by an assessment should be considered *independently* of any part of the tax for the same tax year that may be assessed *later*. By way of example, the IRS contends that if at the time of the assessment no return had been filed, then the debt recorded by the assessment is a debt with respect to which a return was *not* filed and 11 U.S.C. § 523(a)(1)(B)(i) applies to except it from discharge. If a debtor then later files a tax return that reports an additional amount of tax, only the portion of the tax that was not previously assessed would be dischargeable debt based upon that subsection. The portion of the tax that was assessed by way of a return filed consistent with 26 U.S.C. § 6020(b), before a Form 1040 was filed voluntarily by the Wogomans, would be a debt for which no return was "filed" within the meaning of section 523(a)(1)(B)(i) because at the time of the assessment the debtor had not met the filing requirements for that portion of the tax and the assessed portion was not calculated based upon the tax reported on the tax return.

The Wogomans respond to the IRS's argument asserting that Courts have rejected that argument on the ground that it requires reading a requirement into the Bankruptcy Code that is not explicitly there. In other words, Plaintiff asserts that 11 U.S.C. § 523(a)(1)(B) does not state that the return must be filed prior to an assessment by the IRS in order to be effective for dischargeability purposes. Plaintiffs maintain that would lead to an absurd result - a result that would mean a debtor who prepares substitute returns, could never discharge taxes.

### C.    Conclusions

In yet another example of Congress's drafting skills, at the very end of 11 U.S.C. § 523(a), there is still another hanging paragraph in BAPCPA, which states:

> For the purposes of this subsection, the term "return" means a
> return that satisfies the requirements of applicable nonbankruptcy

---

[38](...continued)
that:

> The definition of "return" in amended § 523(a) apparently means that a late filed
> income tax return, unless it was filed pursuant to § 6020(a) of the Internal
> Revenue Code, can never qualify as a return for dischargeability purposes
> because it does not comply with the "applicable filing requirements" set forth in
> the Internal Revenue Code, concerning the timeliness of filing tax returns...

law (including applicable filing requirements).  Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State of local law.[39]

26 U.S.C. § 6020 provides for the preparation of a tax return by the Internal Revenue Service ("IRS").  Specifically, the statute provides:

**(a) Preparation of return by Secretary.** - - If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

**(b) Execution of return by Secretary. - -**

**(1) Authority of Secretary to execute return.** - - If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
**(2) Status of returns**. - - Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

The Tenth Circuit and other courts have found that Forms 1040 submitted *only after the filing of a substitute return by the IRS and an assessment of tax by the IRS do not constitute "returns"* under 11 U.S.C. § 523(a)(1)(B)(i).[40]  The hanging paragraph in 11 U.S.C. § 523(a) implements or further reinforces the Tenth Circuit's holding in *In re Bergstrom,* wherein the Court held that substitute returns under 26 U.S.C. § 6020(b), as here, do not constitute filed

---

[39]     Emphasis added.

[40]     *See, e.g., In re Bergstrom,* 949 F.2d 341, 343 (10th Cir. 1991);  *see also, In re Crawford,* 115 B.R. 381, 383 (Bankr. N.D.Ga. 1990); *In re Pruitt,* 107 B.R. 764, 766 (Bankr. D.Wyo. 1989); and *In re Hofmann,* 76 B.R. 853, 854 (Bankr. S.D.Fla. 1987).

9

returns in the absence of the signature of the taxpayer.[41]  It would seem that Congress specifically intended to exclude "returns" filed under 26 U.S.C. §6020(b).

Moreover, it would appear that whether or not the Form 1040 submitted by the Wogomans is deemed a "return" for the purpose of 11 U.S.C. § 523(a)(1)(B)(i), the tax debt here was based upon the IRS's examination and assessment on February 21, 2005, and not any return filed by the Wogomans.  Moreover, the 2001 tax obligation, by way of the 26 U.S.C. § 6020(b) assessment, was established well before the Form 1040 was filed in 2006 and, therefore, it is not dischargeable under the facts and circumstances of this case.[42]

The Court concludes that the tax debt here is nondischargeable because it came into existence prior to the filing of the Form 1040 by the Wogomans in 2006.

## VIII.   Order

IT IS THEREFORE ORDERED that:

1.      The Motion for Summary Judgment filed by the IRS is GRANTED, in part, and DENIED, in part.  The Motion for Summary Judgment filed by the Wogomans is GRANTED, in part, and DENIED, in part.

2.      The Wogomans have no tax liability for the 2000 tax year and that the Wogomans' income tax liabilities for the 1998, 2002, and 2005 tax years are dischargeable.

3.      Judgment will enter in favor of the IRS and against the Wogomans with respect to the 2001 federal individual income tax liability, together with penalties and interest.  Said income tax liability, together with penalties and interest is determined to be not dischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

---

[41]      949 F.2d 341, 343 (10th Cir. 1991).

[42]      *See United States v. Hindenlang (In re Hindenlang),* 164 F.3d 1029, 1035 (6th Cir. 1999)(after the government had assessed a deficiency, the filing of a Form 1040 served no tax purpose and the IRS met its burden to demonstrate that the debtor's actions were not an honest and reasonable effort to satisfy the tax law).

IT IS FURTHER ORDERED that the Trial in this matter scheduled for **August 30, 2011** is **VACATED**.  This ruling further resolves and **GRANTS** the Joint Motion to Vacate Evidentiary Hearing filed on August 17, 2011.[43]

Dated this 19th day of August, 2011.

BY THE COURT:

Sidney B. Brooks,
United States Bankruptcy Judge

---

[43]      Docket #26.

11